IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GABRIEL JOSE LEON OLIVARES, | § | |
| A# 220367990 | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:25-cv-3096-K-BW |
| | § | |
| THOMAS BERGAMI, et al., | § | |
| Respondents. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by counsel to Gabriel Jose Leon Olivares, a non-citizen in custody at the Prairieland Detention Center in Alvarado, Texas. (Dkt. No. 25 ("Am. Pet.").) On November 25, 2025, Leon Olivares filed his first Motion for Temporary Restraining Order and Preliminary Injunction. (Dkt. No. 12.) On February 27, 2026, he filed an *Ex Parte* Application for Temporary Restraining Order and Order to Show Cause. (Dkt. No. 28.) Respondents filed a response to the original habeas petition and TRO motion on December 18, 2025 (Dkt. No. 15) and, on March 11, 2026, filed a supplemental response to the second TRO motion (Dkt. No. 29).

For the reasons discussed below, the undersigned magistrate judge recommends that the Court deny Leon Olivares's petition for a writ of habeas corpus under 28 U.S.C. § 2241 and deny the TRO Motions.

---

[1] This habeas action has been referred for case management to the undersigned magistrate judge by Special Order 3-251. (*See* Dkt. No. 4.)

## I. BACKGROUND

Leon Olivares is a citizen of Venezuela who entered the United States on June 25, 2021.  (Am. Pet. ¶ 31.)  When he entered the country, he alleges that he was processed by the Department of Homeland Security ("DHS") and released on his own recognizance with Form I-220A.  (*Id.* ¶ 32.)  Leon Olivares applied for and was granted Temporary Protected Status ("TPS"), which provides statutory protection against removal.  (*See id.* ¶ 33.)  He lived in Haslet, Texas, and reported to immigration authorities on October 30, 2025, when he was taken into custody and placed into removal proceedings pursuant to 8 U.S.C. § 1229a.  (*Id.* ¶ 34.)  Leon Olivares has been detained at the Prairieland Detention Center in Alvarado, Texas since.  (*See id.*)

On January 8, 2026, the undersigned entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge recommending that the District Judge grant Leon Olivares's habeas petition in part only to require that Respondents give Leon Olivares a bond hearing before an immigration judge.  (Dkt. No. 19 ("FCR").)  The undersigned's recommendation was based on a conclusion that Leon Olivares was not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  (*See id.* at 9-10.)

According to Respondents' submission, an immigration judge ordered Leon Olivares removed on January 29, 2026.  (Dkt. No. 29-1.)  Leon Olivares noticed an

appeal of the removal order on February 27, 2026, and that appeal is pending.  (*See id.*)

On February 6, 2026, the United States Court of Appeals for the Fifth Circuit, in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), held that there is no material distinction between the statutory phrases "applicant for admission" and "seeking admission," meaning that applicants for admission are generally subject the mandatory detention under § 1225(b)(2)(A) if they are not "clearly and beyond a doubt entitled to be admitted[.]"  *Id.* at 502; *see also Diaz Patino v. Villegas*, ___ F. Supp. 3d ___, 2026 WL 673166, at *2 (N.D. Tex. Mar. 9, 2026).  Because the intervening holding in *Buenrostro-Mendez* called into question the conclusion underlying the FCR, the undersigned vacated the FCR.  (Dkt. No. 24.)

In his amended petition, filed after *Buenrostro-Mendez* was decided, Leon Olivares contests the applicability of mandatory detention under § 1225(b)(2) to him, asserts that his detention is illegal due to his TPS, and challenges his detention as violating the Due Process Clause of the Fifth Amendment.  (Am. Pet. ¶¶ 75-86.)

## II.  LEGAL STANDARDS

Relief under a writ of habeas corpus is available to a person held "in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(3).  "[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States."  *P. B. v. Bergami*, No. 3:25-CV-

02978-O, 2025 WL 3632752, at *2 (N.D. Tex. Dec. 13, 2025) (quoting *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)).  "Habeas exists only 'to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose.'"  *Id.* (quoting *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976)).

### III.  ANALYSIS

**A.     The Fifth Circuit's decision establishes that Leon Olivares is subject to mandatory detention under § 1225(b)(2).**

In his first ground for relief, Leon Olivares contends that mandatory detention under 8 U.S.C. § 1225(b)(2) does not apply to him because he previously entered the country without inspection and has been residing in the country after being released and placed into removal proceedings.  (*See* Am. Pet. ¶ 76.)  Section 1225(b)(2)(A) provides that, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title."  In his amended petition, Leon Olivares persists in his contention that § 1225(b)(2)(A) does not apply to him and that he is instead subject to 8 U.S.C. § 1226(a) and entitled to a detention hearing.  (Am. Pet. ¶ 76.)

"Section 1225 broadly defines 'applicant for admission' as '[a]n alien present in the United States who has not been admitted or who arrives in the United States.'"  *Diaz Patino*, 2026 WL 673166, at *3 (quoting 8 U.S.C. § 1225(a)(1)).  To the

- 4 -

extent Leon Olivares contends that the definition does not apply to him because he entered the country without inspection and has been residing in the United States (*see* Am. Pet. ¶ 76), he provides no basis upon which to distinguish *Buenrostro-Mendez*. In fact, he does not acknowledge this intervening binding decision in his amended petition and appears to make his argument simply to preserve it for appellate review.

**B.      Leon Olivares's detention does not violate 8 U.S.C. § 1254a.**

The greater thrust of Leon Olivares's amended petition and second TRO motion is that his detention violates 8 U.S.C. § 1254a because of his TPS.  (*See* Am. Pet. ¶¶ 32-34, 47-48, 78-81.)  Under § 1254a(d)(4), "[a]n alien provided temporary protected status . . . shall not be detained by the Attorney General on the basis of the alien's immigration status in the United States."

The evidence submitted by Leon Olivares does not establish that he has TPS at this time.  Documents he submitted show that, on October 16, 2024, DHS granted Temporary Protected Status to him from October 16, 2024, until April 2, 2025. (Dkt. No. 25 at ECF p. 33.)  He provides an additional DHS form verifying that it received Leon Olivares's application for continuation of his TPS, but that verification form conspicuously notes that it "does not grant any immigration status or benefit." (*Id.* at ECF p. 35 (capitalization removed).)  Because the information provided by Leon Olivares does not suggest that he may claim the benefits of TPS because his status expired in April 2025 and has not been renewed, he fails to establish that his

continued detention, which began after his status expired, violates § 1254a(d)(4).[2]

*See Mlaih v. Noem*, No. 3:26-CV-577-O, 2026 WL 787536, at *3 (N.D. Tex. Mar. 19, 2026) (denying habeas relief where the court found "that Petitioner's TPS status has expired").

**C.     Leon Olivares's detention does not violate the Due Process Clause.**

Leon Olivares contends that his continued detention without a bond hearing to assess his flight risk or danger to the public violates his rights to due process under the Fifth Amendment.  (Am. Pet. ¶¶ 82-86.)  But he is subject to mandatory detention under § 1225(b)(2)(A).  Leon Olivares does not contend that he has been "admitted."  "Therefore, as an 'applicant for admission' who 'is not clearly and beyond a doubt entitled to be admitted,' [Leon Olivarez] 'shall be detained' under § 1225(b)(2)(A), and as such, is not entitled to a bond hearing."  *Mlhaih*, 2026 WL 787536, at *4 (citing *Buenrostro-Mendez*, 166 F.4th at 494).  His continued detention pending removal proceedings does not violate due process.  *See id.*

---

[2] Leon Olivares additionally challenges the Secretary of Homeland Security's decision to vacate the government's designation of Venezuela as a country eligible for TPS and a court decision in another circuit determining that the revocation of designation was unlawful.  (*See* Am. Pet. ¶¶ 39-44.)  Even if the Court reaches this argument despite the failure to show that Leon Olivares holds TPS at this time, his arguments about the effect of the court order issued in the Northern District of California is unavailing for the same reasons explained in *Diaz Patino*, 2026 WL 673166, at *1 n.1.

## IV.  INJUNCTIVE RELIEF

Leon Olivares's TRO motions request the same relief sought in his habeas application, only on an accelerated basis.  (*See* Dkt. No. 28-1 at 7 (requesting TRO effecting Petitioner's immediate release).)  "The purpose of a preliminary injunction [or temporary restraining order] is not to give the plaintiff the ultimate relief it seeks." *Singh v. Acting Field Officer Director*, No. 3:26-CV-388-LS, 2026 WL 478934, at *1 (W.D. Tex. Feb. 11, 2026) (quoting *WarnerVision Ent. Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 261 (2d Cir. 1996) (brackets in original)); *accord Perez v. Noem*, No. 3:25-CV-2920-K-BN, 2025 WL 3532430, at *6 (N.D. Tex. Nov. 14, 2025) ("[A] TRO or preliminary injunction is not a device 'to give a plaintiff the ultimate relief he seeks' through his claims" (quoting *Peters v. Davis*, No. 6:17-CV-595, 2018 WL 11463602, at *2 (E.D. Tex. Mar. 28, 2018))), *accepted* 2025 WL 3530951 (N.D. Tex. Dec. 9, 2025).  "Preliminary relief should 'not conclusively resolve legal disputes[,]' and thus a TRO is an inappropriate vehicle for granting ultimate relief." *Saechao v. Noem*, No. 3:26-CV-624-X, 2026 WL 602783, at *1 (N.D. Tex. Mar. 4, 2026) (quoting *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025)).  "Specifically, a court cannot render ultimate relief sought in a habeas petition—releasing a detainee—in the form of a preliminary injunction or TRO." *Id.* (citing *Ramirez v. Noem*, 6:25-CV-035-H, at *2 (N.D. Tex. Feb. 5, 2026)); *see also Cano Alvarez v. S. Louisiana Processing Ctr.*, No. 26-696, 2026 WL 660752, at *1 (W.D. La. Mar. 9, 2026) ("The Petitioner's request

for immediate release is improper because one cannot skip the line by dressing a habeas petition in TRO clothes.").

Additionally, to obtain injunctive relief, Leon Olivares must show a substantial likelihood of success on the merits of his habeas claims. *See Mlaih v. Noem*, 2026 WL 787536, at *4. For the reasons explained above, Leon Olivares's habeas petition should be denied on the merits.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Court **DENY** Leon Olivares's amened application for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. No. 25) and **DENY** his motions for injunctive relief (Dkt. Nos. 12, 28).

**SO RECOMMENDED** on March 30, 2026.

_____

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## NOTICE OF RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).